# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        CRIMINAL ACTION NO. 5:18-cr-00026

MARK CLARKSON and
WILLIAM EARLEY and
ROSWELL TEMPEST LOWRY and
BRIAN GULLETT and
VERNON STANLEY and
MARK T. RADCLIFFE and
MICHAEL T. MORAN and
SANJAY MEHTA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Mark Clarkson's Motion to Dismiss [Doc. 622], filed on October 15, 2019. Defendants William Earley [Doc. 753], Roswell Tempest Lowry [Doc. 669], Brian Gullett [Doc. 644], Vernon Stanley [Doc. 675], Mark T. Radcliffe [Doc. 674], Michael T. Moran [Doc. 683], and Sanjay Mehta [Doc. 696] have all joined in the motion to dismiss.[1]

### I.

On November 1, 2018, the Grand Jury returned a Third Superseding Indictment [Doc. 394], charging the Defendants with, *inter alia*, the conspiracy to violate or substantive violations of 21 U.S.C. § 841(a)(1). Specifically, the Grand Jury charged the Defendants with

---

[1] In light of the notices of joinder, the Court will consider the Motion to Dismiss as filed by the seven defendants listed above ("the Defendants").

conspiring to "knowingly and intentionally . . . distribute Schedule II controlled substances, including a mixture and substance containing a detectable amount of oxycodone, not for a legitimate medical purpose in the usual course of professional medical practice and beyond the bounds of medical practice." [Doc. 394 at 2]. The Grand Jury further charged that the Defendants had "knowingly and intentionally distributed, and caused to be distributed, a mixture and substance containing a detectable amount of oxycodone . . . not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice" to specific customers on specific dates [Doc. 394 at 26].

The Defendants argue that the counts charging conspiracy to commit and substantive violations of § 841(a)(1) should be dismissed. Specifically, the Defendants contend that the phrases "not for legitimate medical purposes," "in the usual course of professional medical practice," and "beyond the bounds of medical practice" are not defined by and do not appear in the language of the statute. Defendants contend these defects render the statute unconstitutionally vague as applied to them, thus depriving them of adequate notice or a clear standard of conduct.

## II.

### A.    Motion to Dismiss Indictment

When considering a motion alleging a defect in the indictment, the Court accepts the allegations in the charging document as true. *See, e.g.*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."); *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (stating, "[A] challenge to the sufficiency of the indictment . . . is ordinarily limited to the allegations contained in the indictment.").

**B.      Vagueness**

"Due process requires that a criminal statute provide adequate notice to a person of ordinary intelligence that his contemplated conduct is illegal, for no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Buckley v. Valeo*, 424 U.S. 1, 77 (1976) (internal quotation marks omitted). Thus, "[t]o survive a vagueness challenge, a statute must give a person of ordinary intelligence adequate notice of what conduct is prohibited and must include sufficient standards to prevent arbitrary and discriminatory enforcement." *Manning v. Caldwell*, 930 F.3d 264, 272 (4th Cir. 2019). But, in the absence of a First Amendment right, vagueness challenges to criminal statutes are only reviewed as applied. *See United States v. Mazurie*, 419 U.S. 544, 550 (1975) ("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."). Thus, even if the scope of a statute is not "clear in every application," *Holder v. Humanitarian Law Project*, 561 U.S. 1, 21 (2010), so long as the statute is clear in its application to the challenging defendant, a vagueness challenge will fail.

A statute that contains undefined terms or fails to explicitly state a standard is not unconstitutionally vague *per se*; where a statute fails to define a term, courts will simply give the terms their ordinary meaning. *See United States v. Day*, 700 F.3d 713, 725 (4th Cir. 2012); *see also Chapman v. United States*, 500 U.S. 453, 462 (1991) (holding that, despite the lack of statutory definitions for "mixture" and "substance," § 841(b)(1)(B) is not unconstitutionally vague); *United States v. McFadden*, 753 F.3d 432, 440 (4th Cir. 2014) (stating, "[T]he lack of a statutory definition does not render [a statute] unconstitutional per se. A statute need not contain a definition of every term within its text, and, in the absence of a statutory definition, courts will give terms their

3

ordinary meaning.") (citations omitted), *vacated on other grounds by McFadden v. United States*, 135 S. Ct. 2298 (2015).

"When applying the constitutional vagueness doctrine, the Supreme Court distinguishes between statutes that 'require[] a person to conform his conduct to an imprecise but comprehensible normative standard' and those that specify 'no standard of conduct.'" *Doe v. Cooper*, 842 F.3d 833, 842 (4th Cir. 2016) (alteration in original) (quoting *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971)). Statutes in the latter category are unconstitutionally vague, even if some conduct falls within the statutory language, because they fail to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). On the other hand, statutes falling into the former category are not unconstitutionally vague, because they "have . . . a constitutional 'core' in the sense that they 'apply without question to certain activities,' even though their application in marginal situations may be a close question." *Doe*, 842 F.3d at 842 (quoting *Parker v. Levy*, 417 U.S. 733, 755–56 (1974)). In sum, "the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *United States v. Lanier*, 520 U.S. 259, 266 (1997).

### III.

As noted, the Court must accept the allegations in the charging document as true when considering the Defendants' as-applied challenge to the statute. *See Engle*, 676 F.3d at 415. The Defendants' argument hinges upon the Due Process Clause's notice requirement. Indeed, the Defendants make no clear argument that the statute lends itself to arbitrary or discriminatory

enforcement. Rather, the Defendants assert that the lack of definitions for "legitimate medical purpose," "usual course of professional medical practice," and "beyond the bounds of medical practice," evidences the absence of a clear standard of conduct and renders § 841(a)(1) unconstitutionally vague as applied to them.

The Controlled Substances Act ("the Act") "prevent[s] diversion of controlled substances with medical uses" by "regulat[ing] the activity of physicians." *Gonzales v. Oregon*, 546 U.S. 243, 250 (2006). A physician must register with the Attorney General in order to lawfully issue prescriptions for any controlled substance. *See* 21 U.S.C. § 822(a)(2). Registered physicians may prescribe controlled substances "to the extent authorized by their registration and in conformity with . . . other provisions of this subchapter." *Id.* § 822(b). The relevant regulation – promulgation of which is authorized by 21 U.S.C. § 821 – provides,

> (a) A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. . . . An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of . . . 21 U.S.C. § 829 . . . and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

21 C.F.R. § 1306.04.

Within this framework, it is well established that "registered physicians can be prosecuted under [§] 841 when their activities fall outside the usual course of professional practice." *United States v. Moore*, 423 U.S. 122, 124 (1975); *see also Gonzales*, 546 U.S. at 250 (the Act "bars doctors from using their prescription-writing powers as a means to engage in illicit drug dealing and trafficking as conventionally understood"); *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1137 (4th Cir. 1994) (internal quotation marks omitted) (stating, "[A] licensed

physician who prescribes controlled substances outside the bounds of his professional medical practice is subject to prosecution and is no different than a large-scale pusher.").

Further, the courts that have addressed the issue presented here have universally found that § 841(a)(1) is not unconstitutionally vague as applied to medical professionals. *See, e.g.*, *United States v. Birbragher*, 603 F.3d 478, 488 (8th Cir. 2010) (also noting the lack of authority for the proposition "that either the [Act] or 21 C.F.R. § 1306.04 fails to provide adequate notice of what conduct is prohibited"); *United States v. Lovern*, 590 F.3d 1095, 1103 (10th Cir. 2009); *United States v. DeBoer*, 966 F.2d 1066, 1068–69 (6th Cir. 1992) (section 841(a) is not void for vagueness as applied to pharmacist, because it clearly defines their responsibilities under the law); *United States v. Rosenberg*, 515 F.2d 190, 197 (9th Cir. 1975) (finding the Act provides fair notice and rejecting argument "that the phrase 'in the course of professional practice' is so vague that it violates the due process clause of the Fifth Amendment."); *United States v. Orta-Rosario*, 469 F. App'x 140, 143 (4th Cir. 2012) (rejecting argument that the Act is void for vagueness as applied to medical professionals, where "statute, regulation, and case law" demonstrated that defendants had adequate notice their conduct was unlawful).

The Third Superseding Indictment alleges, for example, that the Defendants prescribed Schedule II controlled substances in large quantities to patients after "conduct[ing] cursory, incomplete, inadequate, or no medical examination" [Doc. 394 at 11]. *See also United States v. McIver*, 470 F.3d 550, 563–64 (4th Cir. 2006) (registered physician deviated from usual course of professional practice of medicine when he prescribed controlled substances without conducting thorough diagnostic tests on patients). The indictment also alleges that the Defendants failed to account for the individual needs of each patient when prescribing controlled substances.

*See id.* The indictment further specifically charges each of the Defendants with knowingly and intentionally distributing oxycodone outside of the usual course and beyond the bounds of professional medical practice to specific patients on specific dates without a legitimate medical purpose.

The Act, its implementing regulations, and the relevant case law provide clear notice to persons of ordinary intelligence in the Defendants' positions that the conduct alleged in the Third Superseding Indictment is unlawful. While there may be disputes as to whether the Defendants' acts were taken with a "legitimate medical purpose" or were "outside the usual course of professional practice" at trial, that does not warrant dismissal. *See McFadden*, 753 F.3d at 440. Considering the allegations in the indictment, it is clear the Defendants' argument must fail.

## IV.

Accordingly, the Court **DENIES** Defendant Mark Clarkson's Motion to Dismiss [**Doc. 622**], as joined by William Earley [**Doc. 753**], Roswell Tempest Lowry [**Doc. 669**], Brian Gullett [**Doc. 644**], Vernon Stanley [**Doc. 675**], Mark T. Radcliffe [**Doc. 674**], Michael T. Moran [**Doc. 683**], and Sanjay Mehta [**Doc. 696**] insofar as they seek dismissal in accordance with Clarkson's motion.

The Court directs the Clerk to transmit a copy of this written opinion and order to the Defendants and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED:     February 4, 2020



Frank W. Volk
United States District Judge

7