**To the Honorable Judge Aboulhosn:**   7-4-2021

Regarding CRIMINAL ACTION NO. 5:18-cr-00026-2

Dear Sir,

My name is Bethany DeGrave, and I'm the daughter of Mark Radcliffe. I have a question regarding your court order that I received a copy of from my father's attorney. I wasn't at the hearing on June 18th, 2021 regarding Mark Radcliffe's bond release, so I'm seeking understanding on some things that are not stated in your written order. Your Honor, I would be so thankful if you will please read what follows.

According to the court order (ATCH 1), it was clearly stated that 1) The probation department is to conduct an inspection of the *Defendant's* home, and 2) To obtain sworn affidavits as to the location of firearms owned by the *Defendant*.

Although the court order is clear and precise, my father's defense attorney is telling my husband and me that *we* must sign an affidavit stating that 1) *We* have rid ourselves of any firearms, 2) We must allow random inspections of *our* home, and 3) That we will prohibit anyone from bringing any type of firearm onto *our* property. However, the court order very clearly states that this order applies to the *Defendant's* property and any firearms owned by the *Defendant*.

Our property is legally separated from my parents' property. As a matter of fact, they have neighbors closer to them than we are. Also, we no longer have any of their firearms in our home. Furthermore, my mother told me that they have rid their property of all firearms and ammunition.

The defense attorney says he cannot proceed for submission of another bond hearing until we do these things that are not mentioned in the court order whatsoever.

With my father's first probation period in 2016, the probation officer clearly stated that because our property is a legally separated property, it has nothing to do with the *Defendant's* property, which is why they allowed the firearms to be there to begin with. No requirements had ever been placed on our property. From what I read in the court order, that seems to remain the same for this second bond as my property is not mentioned anywhere therein.

Your Honor, is there any way we can receive some clarity on this issue? I would be so thankful. Please forgive me if I'm misunderstanding your order.

Sincerely,

*Bethany DeGrave*
Bethany DeGrave
178 GALUTYAH DRIVE
SHADY SPRING, WV 25918

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL ACTION NO. 5:18-cr-00026-2 |
| MARK T. RADCLIFFE, | ) ) ) |
| Defendant. | ) ) |

## ORDER

At Beckley, on June 18, 2021, came Monica D. Coleman, Assistant United States Attorney, on behalf of the United States; Derrick W. Lefler, CJA Panel Attorney, on behalf of the Defendant; the Defendant appeared in person and in custody; and Jeff Gwinn, Senior United States Probation Officer, was also present for a hearing previously set by the Court on ***Defendant Mark T. Radcliffe's Motion for Release*** (ECF Document 923).

Following proffers and arguments of counsel, the Court found the Defendant rebutted the presumption and ordered the probation department to conduct an inspection of the Defendant's home as well as to obtain sworn affidavits as to the location of firearms owned by the Defendant. Once the requested documentation is received by the Court, a continuance hearing in this matter will be scheduled.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel; to the Assistant United States Attorney; to the United States Probation Office; and to the Office of the United States Marshals Service.

**ENTERED:** June 22, 2021.

                                                                      */s/ Omar J. Aboulhosn*
                                                                      Omar J. Aboulhosn
                                                                      United States Magistrate Judge