IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA

vs.

CASE NO. 5:18-CR-00026

JAMES H. BLUME, JR., *ET AL.*

### O R D E R

Pending before the Court is ***Dr. William Earley's Motion for Production of Grand Jury Materials*** (ECF No. 1039) filed on August 12, 2022 which motion has been joined by Defendants Radcliffe (ECF No. 1041), Lowry (ECF No. 1074), Clarkson (ECF No. 1143), and Mehta (ECF No. 1070) as same applies to these individual Defendants. On August 22, 2022, the United States filed its ***Response*** (ECF No. 1142), subsequently, on August 24, 2022, Defendant Earley filed his ***Reply*** (ECF No. 1160).

### Background

This matter before the Court concerns six of twelve defendants who were indicted collectively in February 2018, March 2018, June 2018, November 2018, and most recently on August 17, 2022, on several felony violations of the Controlled Substances Act as employees and/or operators of the HOPE Clinic.

### Defendants' Motion(s) for Production of Grand Jury Materials

Defendant Earley reminds the Court that it previously denied several motions for this material back in November 2019, when it was satisfied by the United States' representations that it had abided by long-standing statutes and regulations concer4ning the lawful issuance of a

1

prescription within this Circuit and others. However, the new *Ruan v. United States*[1] decision, decided on June 27, 2022, has dramatically changed how Fourth Circuit jurisprudence had been over the past fifteen years regarding the scienter requirement as it relates to a physician charged with prescribing controlled substances in violation of 18 U.S.C. § 841. Defendant contends the grand jury could not have been properly instructed on the new law, which supports the proposition that there were irregularities in the grand jury proceedings that may create a basis for dismissal of the indictment. Defendant asks the Court to compel the production of the legal instructions that were provided to the grand jury when it returned the original and superseding indictments in this case, as well as any other grand jury materials bearing on the scienter requirement.

## The United States' Response

The United States asserts that it presented, and the grand jury returned a Fourth Superseding Indictment (ECF No. 1084) that contains no material changes from the Third Superseding Indictment, but included the proper instruction to the grand jury on post-*Ruan* law and the new higher standard, therefore, Defendant Earley's motion to produce grand jury material related to the Third Superseding Indictment is moot.

## Earley's Reply

Defendant disagrees his motion is moot – while the United States says the Third Superseding Indictment remains valid and that it will proceed against him only under the Third Superseding Indictment should he be bound by his guilty plea, but will then dismiss the Fourth Superseding Indictment (and also reserved its right to proceed on any pending indictment), this just confirms that the grand jury was improperly instructed on the law when it returned the Third Superseding Indictment, and priors, including this Fourth Superseding Indictment. Therefore,

---

[1] 142 S. Ct. 2370, 2371 (2022).

Defendant needs the complete transcripts of the entirety of the proceedings that resulted in the Fourth Superseding Indictment to see how the United States attempted to cure the admitted deficiencies in the prior indictments.

## The Relevant Rules and Law

Federal Rule of Criminal Procedure 6(e)(2) generally bars the disclosure of "a matter occurring before the grand jury" but allows an exception "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." See Fed. R. Crim. Pro. Rule 6(e)(3)(E)(ii). A defendant must demonstrate a "particularized need in order to justify access to the records of grand jury proceedings." See United States v. Wallace, 528 F.2d 863, 865 (4th Cir. 1976), citing United States v. Chase, 372 F.2d 453 (4th Cir. 1967), cert. denied, 387 U.S. 907, 913, 87 S.Ct. 1688, 1701, 18 L.E.2d 626, 635 (1967). This exception is "not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse occurred." See United States v. Loc Tien Nguyen, 314 F.Supp.2d 612, 616 (E.D. Va. April 22, 2014).

> Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment."

Id. (quoting United States v. Abcasis, 785 F.Supp. 1113, 1119 (E.D.N.Y. 1992)); see also, United States v. Lisinski, 728 F.2d 887, 893 (7th Cir. 1984) (holding that defendant failed to demonstrate the compelling necessity necessary to require disclosure of grand jury proceedings where he proferred an "unsupported speculation that, possibly, insufficient evidence was presented to the grand jury to sustain the indictment."), cert. denied, 469 U.S. 832 (1984).

The interests in grand jury secrecy are generally reduced when the grand jury has "concluded its operations", however, the interests in grand jury secrecy "are not eliminated merely because the grand jury has ended its activities." See <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

The Court enjoys substantial discretion to determine the proper response to requests for disclosure under Rule 6(e). See <u>Pittsburgh Plate Glass Co. v. United States</u>, 360 U.S. 395, 399, 79 S.Ct. 1237, 1240, 3 L.Ed.2d 1323 (1959).

**Analysis**

As an initial matter, the undersigned notes that the Court recently granted the motions to reject or withdraw the guilty pleas previously entered by Defendants Earley and Lowry. (ECF No. 1170)

During the hearing, the United States represented that it intended to proceed in this matter under the Fourth Superseding Indictment. Defendant Earley pointed out that there are numerous issues surrounding the haste and necessity of the Fourth Superseding Indictment, for starters, if the prior indictments are defective, and that the Fourth is not substantively changed from them, then it follows this latest round of indictments are likewise defective. Defendant wants the witness testimony and exhibits used, and represents that from the Third Superseding Indictment that he knows that the grand jury was given bad instructions. This information is also critical for his pending motion to dismiss.

The United States argued that Defendants have not alleged any irregularities concerning the grand jury and that the Rule 6 secrecy surrounding same is paramount. Further, the burden of proof governing indictments is only probable cause standard.

4

Defendants emphasize that this matter has been pending for over four years, and that it is incumbent upon everyone that the United States "gets it right", and has nothing to lose by producing this material, especially given the unprecedented nature of these proceedings in light of the *Ruan* decision. Moreover, Defendants point out that the Fourth Superseding Indictment fails to reference 21 C.F.R. § 1306.04, which is the subjective standard aligned with the scienter requirement set forth in *Ruan*.[2]

The United States countered that the fact that matters are unprecedented or unusual is not the standard, irregularities are, and none of the Defendants have demonstrated any irregularities occurred, but only offer speculation.

While the Court appreciates the indispensable secrecy of grand jury proceedings should not be violated absent a compelling necessity, Defendants have sufficiently demonstrated a "particularized and factually based ground" supporting their argument that irregularities may have occurred with this recent grand jury proceedings. Indeed, in light of the significant and substantive changes to the law occurring just before the Fourth Superseding Indictment indicates irregularities occurred with the prior indictments to the extent that instructions were defective. The *Ruan* decision only emphasizes that.

Although the United States has repeatedly asserted that it properly instructed the grand jury in light of *Ruan*, given the haste of the Fourth Superseding Indictment,[3] which follows several prior indictments over a four-year period, indicates previous deficiencies in the instructions. The undersigned does not take lightly the interests in grand jury secrecy, however, Defendants'

---

[2] The Court also heard arguments set forth in the **Supplement of Defendant Mark Clarkson to Pending Motions for Grand Jury Materials and Motions to Dismiss (Docket items #756, #1035, #1039, #1113)** (ECF No. 1151).

[3] The undersigned further notes that this pending indictment was returned within thirty days of trial, technically in violation of the Court's Order prohibiting same (ECF No. 969).

requests for these materials do not rest on mere speculation. In short, Defendants have shown the particularized need for disclosure that outweighs the interest in continued grand jury secrecy in this matter.

Accordingly, *Dr. William Earley's Motion for Production of Grand Jury Materials* (ECF No. 1039) and to the extent his co-Defendants in this matter have so joined (ECF Nos. 1041, 1074, 1143, 1070) is hereby: **GRANTED IN PART** in that the United States shall produce copies of the transcripts concerning the legal instructions as well as the witness testimony as they relate to the Fourth Superseding Indictment to Defendants; and **DENIED IN PART** as the United States has represented that it will proceed against Defendants under the Fourth Superseding Indictment only, Defendants are not entitled to transcripts or materials related to the prior indictments in this matter.[4]

Because of the imminency of trial, and due to the parties' announcements that they intended to object to the undersigned's ruling on this particular issue immediately, the undersigned advised the parties that he would expedite the usual timeframe pursuant to Rule 59(a) of the Federal Rules of Criminal Procedure governing rulings on non-dispositive motions.[5] Accordingly, this ruling may be contested by filing, no later than **Tuesday, August 30, 2022,** any objections to this Order with District Judge Frank W. Volk. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to the Defendants, counsel for Defendants and to the Assistant United States Attorney.

---

[4] The United States' as well as the Defendants' objections to this decision was noted on the record.

[5] Objections to rulings on non-dispositive motions are to be filed within 14 days.

**ENTER: August 26, 2022**.

Omar J. Aboulhosn
United States Magistrate Judge