UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA,

v.   CRIMINAL ACTION NO. 5:18-cr-00026-02

MARK T. RADCLIFFE.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Mark T. Radcliffe's Motion to Reconsider [ECF 1345], filed on July 25, 2024. The Government filed no response in opposition. The matter is ready for adjudication.

I.

On October 15, 2019, Mr. Radcliffe moved the Court to prohibit the Government from introducing evidence of his prior conviction for Conspiracy to Tamper with a Witness, in violation of 18 U.S.C. 1512(k), or utilizing the same for impeachment purposes. [ECF 657]. On September 3, 2022, the Court denied Mr. Radcliffe's motion and granted the Government's motion to cross examine Mr. Radcliffe about his conviction should he choose to testify. [ECF 1262 at 3]. In its Order, the Court noted that the Government has agreed it will not introduce the evidence in its case-in-chief but found that the probative value of the evidence outweighs its prejudicial effect and, thus, *Federal Rule of Evidence* 609(a)(l)(B) permits use of this conviction to impeach Mr. Radcliffe's testimony. [*Id.* at 3–4].

Mr. Radcliffe now "requests the court reconsider its prior ruling, set forth in the order of September 3, 2022 (ECF # 1262) as to the utilization of defendant's prior conviction." [ECF 1345 at 1].

## II.

The *Federal Rules of Criminal Procedure* have no provisions governing motions for reconsideration. The rules and federal case law do, however, recognize that such motions can be proper in a criminal setting. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1979) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.' " (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010))).

In the absence of criminal procedural rules on the issue, the *Federal Rules of Civil Procedure* lend the Court necessary guidance. Rule 54(b) provides "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Our Court of Appeals has distinguished this approach from the more rigorous standards applicable under Rule 59(e) or Rule 60(b), which govern post-trial or post-judgment reconsideration, explaining that Rule 54(b) "involves broader flexibility" to account for new facts and arguments as the litigation unfolds. *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017); *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir. 2003); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (stating that reconsideration under Rule 59(e) "is an extraordinary remedy that should be used sparingly").

### III.

Mr. Radcliffe argues that in denying his previous motion, the Court "placed significant emphasis upon the impeachment value of the prior conviction, while apparently giving little weight to the importance of defendant's testimony and the deterrent effect permitting the utilization of the prior conviction on defendant's decision to testify." [ECF 1345 at 1]. He asserts that, in its analysis under *Federal Rule of Evidence* Rule 609, the Court "seemed to conclude that the timing and the lack of similarity, two factors which are to be considered in the exclusion/inclusion analysis[,] bolstered the importance of impeachment value of [Mr. Radcliffe's] prior conviction." [*Id.* at 2]. According to Mr. Radcliffe, "[t]hose factors, timing and similarity, would seem to be more appropriately viewed as factors which might argue against admission, but do not enhance the impeachment value of the prior conviction." [*Id.*]. Finally, despite conceding that "the credibility of any witness is always a central issue," Mr. Radcliffe argues that *his* credibility "is far from central to the [G]overnment's case." [*Id.* at 3].

The pertinent language in the Court's Order reads as follows:

> Rule 609(a)(l)(B) permits use of this conviction to impeach the testimony of a defendant only if the probative value of the evidence outweighs its prejudicial

3

> effect. Factors the Court can consider when balancing the prejudice and probative value include "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Hernandez*, 106 F.3d 737, 739–40 (7th Cir. 1997). The impeachment value of the prior crime is quite significant, especially given its timing; there is no similarity -- as Defendant Radcliffe admits -- between the past crime and the charged crime. Furthermore, the Defendant's credibility is central in this matter, especially following *Ruan v. United States*, 142 S. Ct. 2370 (2022). The factors weigh decidedly in favor of admitting evidence of the prior conviction should Mr. Radcliffe choose to testify.

[ECF 1262 at 3–4].

The Court finds no error in its earlier ruling that warrants reconsideration. Contrary to Mr. Radcliffe's assertions, the timing and lack of similarity of his prior criminal conviction are factors weighing in favor of admitting the evidence for impeachment purposes, as they speak to the limited potential of prejudice in admitting the evidence. *See, e.g., United States v. Sanders*, 964 F.2d 295, 297 (4th Cir. 1992) ("Here, although evidence of the prior convictions may be thought somehow generally probative of Sanders' lack of credibility, they were extremely prejudicial since they involved the exact type of conduct for which Sanders was on trial."); *see also United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005) ("The offenses underlying the appellant's prior convictions are not similar to the offenses charged in this case. That is relevant because convictions for dissimilar crimes are customarily thought to be less prejudicial than convictions for similar crimes (which may run a risk of implying a propensity to commit the crime).").

Further, the Court is, likewise, unpersuaded that reconsideration is warranted on the grounds that Mr. Radcliffe infers that admission of evidence of his prior conviction for impeachment purposes may affect his decision to testify. "Although the possibility of being 'subject to impeachment by the use of a prior conviction' on cross-examination, in some sense, 'may *deter* a defendant from taking the stand,' . . . such circumstances do 'not *prevent* [a defendant]

4

from taking the stand.'" *United States v. Howell*, 17 F.4th 673, 682 (6th Cir. 2021) (quoting *Ohler v. United States*, 529 U.S. 753, 759 (2000)) (emphasis in original). Should Mr. Radcliffe choose to testify and feel he is prejudiced by the Government's impeachment by prior conviction, he is free to appeal the issue after trial. *See Luce v. United States*, 469 U.S. 38, 43 (1984) (holding that defendant who claimed to be deterred from testifying by a court ruling regarding impeachment evidence could not challenge ruling unless he testified and was prejudiced by it).

Finally, the Court reminds Mr. Radcliffe that "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler*, 529 U.S. at 758 n.3 (citing *Luce*, 469 U.S. at 41–42). Therefore, should the Court determine at trial that evidence of Mr. Radcliffe's prior conviction is no longer admissible for impeachment purposes under Rule 609, it is within the Court's discretion to limit or exclude that evidence at that time.

## IV.

For the foregoing reasons, the Court **DENIES** Mr. Radcliffe's Motion to Reconsider [**ECF 1345**]**.**

The Clerk is **DIRECTED** to send a copy of this written opinion and Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 21, 2025

Frank W. Volk
Chief United States District Judge