**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 5:18-cr-00026

MARK T. RADCLIFFE -02
MICHAEL T. MORAN -04

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending are four Motions *in Limine* [ECFs 1389, 1390, 1391, 1393], filed by Defendant Michael T. Moran on December 26, 2024, and December 30, 2024, respectively. Also pending are Defendant Mark T. Radcliffe's Motion to Join ECF 1390 [ECF 1392], filed December 30, 2024, and Second Motion to Join Motions ECFs 11391, 1393, 1344 [ECF 1394], filed January 1, 2025. ECF 1389 was superseded by the filing of Mr. Moran's amended motion [ECF 1390] and is, therefore, moot. ECF 1344 was denied by the Court on January 13, 2025. [ECF 1405]. The matters are ready for adjudication.

## I.

*A.*    ***Defendant Moran's Amended Motion* in Limine *to Preclude the Introduction of Evidence Regarding 15 Additional Patients or, Alternatively, to Require the Government to Immediately Produce Complete Medical Charts and Files [ECF 1390]***

Defendant Moran first moves to preclude the Government from referencing or otherwise introducing evidence or eliciting testimony related to 15 patients not previously identified in the Fourth Superseding Indictment or previously designated by the United States for

use at trial. [ECF 1390 at 1]. Alternatively, Defendant Moran seeks an order "requiring the United States to immediately produce complete medical charts, records, and other documents" regarding those additional fifteen patients. [*Id.*].

After a September 1, 2022, pre-trial conference, the Court ordered the Government to "disclose to Defendants, on or before September 6, 2022, those patient files -- no greater than 15 in number" in addition to those patient files already disclosed. [ECF 1264 at 2]. According to Defendant Moran, "[f]ollowing the hearing, via e-mail, counsel for the United States identified an unadorned list of 15 names as potential witnesses in addition to the witnesses already disclosed" but "did not produce any additional files, charts or other documents in conjunction with the emailed list of names." [ECF 1390 at 3]. Defendant Moran further contends that "[a]fter a diligent and thorough search" through the evidence produced in this case and the *Eclipse* database being used in the case, "no patient charts, medical records or other documents have been produced by the United States related to the [fifteen] names identified by the government via email." [*Id.*].

The Government has failed to offer any response to Defendant Moran's motion. Accordingly, the Court **GRANTS** Defendant Moran's Motion [ECF 1390]. The necessary disclosure must occur on or before June 15, 2025.

**B.**    ***Defendant Moran's Motion* in Limine *to Exclude and/or Limit the Proposed Expert Testimony of Gene S. Kennedy, M.D. [ECF 1391]***

Next, Defendant Moran seeks to exclude or otherwise limit the testimony of the Government's expert witness, Dr. Gene S. Kennedy, pursuant to *Federal Rules of Evidence* 402, 403, 702, 703, and 704, as well as *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny. Specifically, Defendant Moran asks the Court to preclude Dr. Kennedy from "testifying as to the applicable state of the law," "proffering impermissible legal conclusions," or

"opining on [Defendant] Moran's state of mind." [ECF 1391 at 1].

Defendant Moran asserts that the Government intends to call Dr. Kennedy as an expert witness at trial "to opine on the issue of whether prescriptions written by authorized medical providers at the Hope Clinic were written for a legitimate medical purpose or not, and whether the issuance of such prescriptions were in the usual course of professional medical practice <u>and</u> beyond the bounds of medical practice." [*Id.* at 2 (emphasis in original)]. Defendant Moran also anticipates that "Dr. Kennedy will attempt to testify before the jury as to his opinion of the medical provider's state of mind, or subjective knowledge, when issuing the prescription in question." [*Id.* at 3]. While Defendant Moran concedes that Dr. Kennedy is qualified to testify as to his opinions within the field of medicine, he contends that Dr. Kennedy's qualifications "do not provide the basis for allowing opinion testimony on the application of the law to the facts of the case or legal conclusions." [*Id.* at 4–5]. He is correct.

"Rule 704(a) allows the admission of expert testimony that 'embraces an ultimate issue to be decided by the trier of fact.'" *United States v. McIver*, 470 F.3d 550, 561 (4th Cir. 2006) (quoting Fed. R. Evid. 704(a)). "However, opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *Id.*; *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) ("Expert testimony that merely states a legal conclusion is less likely to assist the jury in its determination."); *United States v. Perkins*, 470 F.3d 150, 157–58 (4th Cir. 2006); *but see United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) (recognizing that expert testimony stating a legal conclusion was properly admitted in light of the technical legal issues involved with federal securities laws). "The line between a permissible opinion on an ultimate issue and an impermissible legal conclusion is not always easy to discern." *McIver*, 470 F.3d at 562. "[D]rawing that line requires a case-specific inquiry of the charges, the testimony, and

3

the context in which it was made." *United States v. Campbell*, 963 F.3d 309, 314 (4th Cir. 2020). Rulings on expert testimony that could constitute an impermissible legal conclusion are better suited for adjudication at trial.

Rule 704(b) applies to expert testimony related to a defendant's state of mind. It provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Civ. P. 704(b); *see Diaz v. United States*, 602 U.S. 526, 554 (2024) (Gorsuch, J., dissenting) (recognizing that "expert opinions about the defendant's 'state of mind at the crucial moment' when committing a criminal act may 'easily mislead' the jury into 'thinking the opinions show more than they do'") (quoting *Clark v. Arizona*, 548 U.S. 735, 776 (2006)); *see also Eghnayem v. Bos. Sci. Corp.*, 57 F. Supp. 3d 658, 670 (S. D. W. Va. 2014) (refusing to "permit the parties to use experts to usurp the jury's fact-finding function by allowing an expert to testify as to a party's state of mind or on whether a party acted reasonably").

Accordingly, the Court **GRANTS IN PART** Defendant Moran's Motion [**ECF 1391**] as to expert testimony relating to the applicable state of the law and the Defendants' state of mind and **RESERVES JUDGMENT** as to expert testimony that could constitute legal conclusions.

C.     *Defendant Moran's Motion to Preclude Reference to the Language of 21 C.F.R. § 1306.03–04 to Define a Medical Doctor's Authorization under the Controlled Substances Act [ECF 1393]*

Defendant Moran also moves to preclude the introduction or use of, or reliance on, the language of 21 C.F.R. § 1306.03–04 to define a medical doctor's authorization under the

4

Controlled Substance Act ("CSA"). Defendant Moran asserts as follows:

> A central issue in each of the aforementioned counts is whether the particular prescription at issue was "unauthorized" as defined by the CSA.
>
> . . . .
>
> Following the United States Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450, 142 S. Ct. 2370 (2022), a prescription is unauthorized if and only if it is not issued for a legitimate medical purpose. Any additional limitation on what constitutes an authorized prescription under § 841 is beyond the bounds of what the Supreme Court has determined Congress intended to regulate.
>
> . . . .
>
> *Ruan* held that "§ 841's 'knowingly or intentionally' *mens rea* applies to the 'except as authorized clause', [sic] not the regulation. *Ruan* at 457. The elements of the offense charged should be defined in terms of the statutory language, not the regulatory language. Defining any of the elements of the statute by means of the regulatory language would be error.

[ECF 1393 at 2–3]. But *Ruan* -- the very case upon which Defendant Moran relies -- belies these assertions.

In *Ruan*, the Supreme Court did not preclude, wholesale, the use of the regulation to assist in defining what constitutes an unauthorized prescription. Rather, it concluded that the objective criteria referenced in the regulation may be useful in determining whether a defendant had the requisite *mens rea* to support a conviction under § 841.

> The Government . . . can prove knowledge of a lack of authorization through circumstantial evidence. *See ibid. And the regulation defining the scope of a doctor's prescribing authority does so by reference to objective criteria such as "legitimate medical purpose" and "usual course" of "professional practice." 21 C.F.R. § 1306.04(a); see Gonzales*, 546 U.S. at 285, 126 S.Ct. 904 (Scalia, J., dissenting) ("The use of the word 'legitimate' connotes an objective standard of 'medicine' "); *Moore*, 423 U.S. at 141–142, 96 S.Ct. 335 (describing Congress' intent "to confine authorized medical practice within accepted limits" (emphasis added)). *As we have said before, "the more unreasonable" a defendant's "asserted beliefs or misunderstandings are," especially as measured against objective criteria, "the more likely the jury ... will find that the Government has carried its burden of proving knowledge." Cheek v. United States*, 498 U.S. 192, 203–204, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). But the Government must still carry this

5

burden. And for purposes of a criminal conviction under § 841, this requires proving that a defendant knew or intended that his or her conduct was unauthorized.

*Ruan*, 597 U.S. at 467 (emphasis added).

The same is true of our Court of Appeals, which has continued post-*Ruan* to cite the regulation in defining what constitutes an unauthorized prescription. *See United States v. Smithers,* 92 F.4th 237, 246 (4th Cir. 2024) ("Again, a prescription is authorized only if it is 'issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice.'") (quoting 21 C.F.R. § 1306.04); *United States v. Kim*, 71 F.4th 155, 164 (4th Cir.), *cert. denied*, 144 S. Ct. 436, 217 L. Ed. 2d 243 (2023) ("*Ruan* requires the government to prove that the defendant knew or intended to issue unauthorized prescriptions. . . . a prescription issued outside the usual course of medical practice and not for a legitimate medical purpose is an unauthorized prescription, *see* 21 C.F.R. § 1306.04(a)[.]").

Accordingly, the Court **DENIES** Defendant Moran's motion [**ECF 1393**].

### D.    *Defendant Radcliffe's Motions to Join [ECFs 1392, 1394]*

Defendant Radcliffe moves to join in Defendant Moran's pending motions. To the extent that Defendant Moran's Motion *in Limine* to Preclude the Introduction of Evidence Regarding 15 Additional Patients or, Alternatively, to Require the Government to Immediately Produce Complete Medical Charts and Files [ECF 1390] applies to Defendant Radcliffe, the Court **GRANTS** Defendant Radcliffe's Motion to Join in that motion [ECF 1392]. However, Defendant Radcliffe's Second Motion to Join [ECF 1394] was filed on January 1, 2025 -- one day after the then-applicable deadline for motions *in limine*. Accordingly, the Court **DENIES** that motion [ECF 1394] as untimely.

6

## II.

Based upon the foregoing citations, discussion, and rulings, the Court **ORDERS** as follows:

1. That Defendant Moran's motion [**ECF 1389**] is **DENIED AS MOOT**;

2. That Defendant Moran's motion [**ECF 1390**] is **GRANTED**;

3. That Defendant Moran's motion [**ECF 1391**] is **GRANTED IN PART** only as to expert testimony relating to the applicable state of the law and the Defendants' state of mind, and the Court **RESERVES JUDGMENT** as to expert testimony that could constitute legal conclusions ;

4. That Defendant Moran's motion [**ECF 1393**] is **DENIED**;

5. That Defendant Radcliffe's Motion to Join ECF 1390 [**ECF 1392**] is **GRANTED**; and

6. That Defendant Radcliffe's Second Motion to Join [**ECF 1394**] is **DENIED** as untimely.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        May 27, 2025

Frank W. Volk
Chief United States District Judge